```
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Charles Tyson, <br> *also known as* <br> *Charles Kevin Bruce Tyson,* <br>                Petitioner, <br> vs. <br> Michael McCall, Warden, <br>                Respondent. <br> _____ | ) C/A: 6:12-1863-MGL-KFM <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **REPORT AND RECOMMENDATION** <br> ) <br> ) <br> ) <br> ) <br> ) |

Petitioner, Charles Tyson, also known as Charles Kevin Bruce Tyson, ("Petitioner"), a state prisoner in the Lee Correctional Institution of the South Carolina Department of Corrections in Bishopville, South Carolina, who is proceeding *pro se*, has filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, for initial screening. Petitioner is serving a sentence of life imprisonment plus 25 years for murder and armed robbery, after being convicted and sentenced in Florence County General Sessions Court on September 21, 1982. Petition, ¶ 3-5; ECF No. 1, p. 1. Having reviewed the instant Petition and applicable law, the Court finds that this successive § 2254 Petition should be summarily dismissed, without prejudice and without requiring respondent to file a return.

### PROCEDURAL AND FACTUAL BACKGROUND

Petitioner previously filed a § 2254 habeas petition in this Court on July 3, 1985, challenging these same state court convictions and sentences. *See Tyson v. McKellar, et*

*al*, C/A No. 3:85-1834-CES-WMC (D.S.C. 1985).[1] In that case, Respondents' motion for summary judgment was granted, and Petitioner's § 2254 petition was dismissed with prejudice.[2] On May 20, 2011, Petitioner filed another § 2254 habeas petition challenging these same state court convictions and sentences, raising numerous grounds, alleging that he was entitled to equitable tolling of the AEDPA's one-year period of limitations, asserting that the petition was not a second or successive petition, and claiming that this court's failure to hear his issues would result in a manifest miscarriage of justice. *See Tyson v. Padula*, C/A No. 6:11-1211-MBS-KFM (D.S.C. 2011), ECF No. 1. On April 2, 2012, Petitioner's § 2254 petition in C/A No. 11-1211 was dismissed, without prejudice and without requiring Respondent to file a return, because Petitioner had not obtained permission from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3) before filing his petition in this court. *See* C/A No. 11-1211, ECF No. 31. In her Order and Opinion adopting the undersigned's Report and Recommendation recommending summary dismissal of the petition in C/A No. 11-1211, Chief United States District Judge Margaret B. Seymour held that

> Petitioner's arguments are properly addressed to the Fourth Circuit in a motion for authorization to file a successive petition. A court of appeals may authorize a successive petition if "the factual predicate for [a] claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence

---

[1] *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[2] In C/A No. 11-1211, Petitioner alleged that in C/A No. 85-1834, "the Magistrate issued [his] Report on October 15, 1985. The district judge agreed with the report, and granted summary judgment on November 4, 1985, for the respondents." See C/A No. 11-1211, ECF No. 1, p. 80.

2

as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B). A court of appeals may also authorize a successive petition if a claim is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A). However, Petitioner's arguments, even if correct, do not establish that the present petition is not "successive. "If any of a petitioner's habeas claims have been adjudicated on the merits, a subsequent petition attacking the same sentence is necessarily "successive" unless it challenges some defect that arose after the sentence. *See Burton v. Stewart*, 549 U.S. 147, 154-56 (2007) (per curiam); *Leal Garcia v. Quarterman*, 573 F.3d 214, 224 (5th Cir. 2009). In the absence of authorization by the Fourth Circuit, this court lacks jurisdiction to hear a successive petition. *See Burton*, 549 U.S. at 152.

C/A No. 11-1211, ECF No. 31, p. 2-3.

In the instant Petition, Petitioner alleges one ground:

Whether initial-review collateral counsel was ineffective for failure to raise: "That trial counselor's were ineffective for their failure to object to the egregious prosecutorial misconduct of the state prosecutor and judicial misconduct of the state trial judge where the prosecutor and trial judge committed criminal act of forgery upon the armed robbery count of the original indictment and upon the newly created indictment by adding the words "and a .357 magnum revolver," as an item armed robbed where petitioner was not indicted by the Florence County grand jury for a armed robbery of a revolver. Where the forgery deprived petitioner of a fair trial, notice of charges, cross-examination, compulsory process, effective assistance of trial counsel, and right to make closing argument. When the failure of trial counsel to object and preserve this misconduct for direct appeal constitutes ineffective assistance of trial counsel which violates the Sixth and Fourteenth Amendment of the United States Constitution."

Petition, ¶ 12; ECF No. 1, p. 10-11. Petitioner asserts that he has not previously raised this claim in his earlier state post-conviction relief ("PCR") and federal habeas proceedings because the claim relies on a new rule of constitutional law that was only recently recognized in the United States Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). Petitioner alleges that "*Martinez*, supra, applies retroactively to Petitioner's

3

case," and that "the claim that Petitioner is advancing now, is not successive within the meaning of AEDPA 28 U.S.C. § 2244 e[]t seq., due to the fact that Petitioner is advancing it due to ineffective assistance of initial-review collateral counsel, which did not exist during petitioner's earlier federal application." Memorandum of Law in Support of Habeas Corpus Petition, Retroactive Application, Non-Successive Cla[i]ms, p. 16-17; ECF No. 1-2, p. 16-17.

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Rice v. Olson*, 324 U.S. 786, 791–92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)).

When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 10 (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391

(4th Cir. 1990). Furthermore, the court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

The Petition filed in this case should be summarily dismissed because it is a successive § 2254 petition and there is no indication that Petitioner requested and received permission from the United States Fourth Circuit Court of Appeals before he submitted it to this Court. The issue of successiveness of a habeas petition may be raised by the court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997); *Latimer v. Warden*, No. 6:10-721-JFA-WMC, 2010 WL 2720912 (D.S.C. July 08, 2010).

Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). On April 24, 1996, the President of the United States signed into law the

Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") which, in part, amended Chapter 153. The AEDPA effected a number of substantial changes regarding the availability of federal post-conviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) without first receiving permission to do so from the appropriate circuit court of appeals. *See In re Vial*, 115 F.3d at 1194. The "gatekeeping" mechanism created by the AEDPA added 28 U.S.C. § 2244(b)(3)(A) to provide that, "*[b]efore* a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. (emphasis added).

The threshold issue in this case is whether Petitioner has complied with the provisions of § 28 U.S.C. § 2244(b)(3)(A)-(E) and Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts, by obtaining authorization from the Fourth Circuit to file this action. *See In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004), the "initial determination of whether a claim satisfies" the requirements of § 2244(b)(2) "must be made by a court of appeals"; *In re Fowlkes*, 326 F.3d 542, 544 (4th Cir. 2003) ("Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court [(the Fourth Circuit Court of Appeals)] under the standard established in section 2244(b)(3)(C)."); *United States v. Winestock*, 340

F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization [from the court of appeals], the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."). It is clear on the face of the instant Petition that such a motion has not been filed in the Fourth Circuit by Petitioner, and such an order making the required determination to authorize this Court to consider this second § 2254 petition has not been issued by the Fourth Circuit. Consequently, this Court has no jurisdiction to consider the instant Petition and Petitioner is barred from attacking his state court murder and armed robbery convictions and sentences in this Court.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the instant Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed without prejudice and without requiring Respondent to file a return. Petitioner's attention is directed to the important notice on the next page.


August 20, 2012  
Greenville, South Carolina

s/ Kevin F. McDonald  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**300 East Washington Street, Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).